968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul WOLF and John Billie, and Henry L. Hooper, Plaintiff-Appellant,
v.
Betty HARJO, Linda Lou Starr, Martin Earl Hedgpath, Marvin
Hedgpath, and Coalition of American Indian
Famillies And Autonomous Entities,
Defendants-Appellees.
 No. 91-7105.
 United States Court of Appeals, Tenth Circuit.
 June 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument. This panel further grants Appellant's motion for leave to proceed on appeal in forma pauperis. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962).
 
 
 2
 Henry L. Hooper, et. al., (Hooper) appeals from an order of the district court dismissing his claims under 42 U.S.C. §§ 1983 and 1985 for lack of jurisdiction. Hooper brought his complaint under 42 U.S.C. §§ 1985 and 1988. However, 42 U.S.C. § 1988 pertains to the award of attorney fees in civil rights proceedings which is inapplicable in this pro se action. Thus, we assume the district court reviewed this complaint sua sponte under 42 U.S.C. § 1983 as well as under 42 U.S.C. § 1985.
 
 
 3
 In his amended complaint, Hooper and two other plaintiffs alleged violations of their constitutional rights and sought money damages, a declaratory judgment and injunctive relief. Hooper specifically contended that on or about February 8, 1991, Betty Harjo, et. al., doing business as the Coaliation [sic] of American Indian Familes [sic] and Autonomous Entitles [sic], (Harjo) entered into a conspiracy to violate his civil rights. Hooper contended that Harjo placed fraudulent and forged information into the records and files of the Oklahomma Pardon and Parol Board; that such information was to be considered as a confidential protest against Hooper; and that such information was used to wrongfully deny him due process and equal protection. Hooper further contended that the information subjected him to cruel and unusual punishment and to mental and physical damage.
 
 
 4
 In its order of August 9, 1991, the district court dismissed Hooper's complaint for lack of jurisdiction. On appeal, Hooper contends that he was denied his constitutional rights to due process and equal protection. Hooper further contends that the district court should not have dismissed his complaint, based on its finding that the acts alleged were not done under color of state law, because Hooper did not file his action under 42 U.S.C. § 1983, but rather filed it under 42 U.S.C. §§ 1985 and 1988. We have heretofore observed that § 1988 relates to the allowance of a reasonable attorney's fee to the prevailing party in a civil rights action. § 1983, on its face, creates a legal liability against any "[p]erson who, under color of any statute, ordinance, regulation, custom or usage, of any state...." Thus, a defendant must be acting under color of state law. § 1985(3) provides liability against two or more persons who conspire to deny a person of equal protection of laws or of equal privileges. Here, Hooper alleged that the conspiratorial actions of the defendants violated his rights of due process and equal protection under the Fourteenth Amendment. (R., Dist.Ct. File, Tab 6, p. 2). We agree with the district court that state action is required to sustain a claim under 42 U.S.C. § 1985(3) resting upon Fourteenth Amendment considerations. Weiss v. Willow Tree Civic Assoc., 467 F.Supp. 803 (S.D.N.Y.1979).
 
 
 5
 After careful review of the record and the arguments, or lack of arguments and legal authority set forth by Hooper, we hold that the district court properly dismissed this action for lack of jurisdiction. We affirm for substantially the reasons set forth in the district court order of August 9, 1991, a copy of which is attached hereto and by reference made a part hereof.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3